# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| VICKI LYNN KOCHSMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-2026-JWL/JPO |
| | ) | |
| H.I.T, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STIPULATED PROTECTIVE ORDER

WHEREAS, this is an action involving employment related claims by Plaintiff against her former employer and supervisor for alleged sex discrimination, sexual harassment, battery and retaliation.  In connection with this action, the parties believe it will be necessary to disclose certain confidential documents including employee discipline, health, wage, benefit and other personnel matters; and

WHEREAS, the parties believe they will be  required, pursuant to Rule 26(a)(1) disclosures and requests for production of documents, to produce documents and other tangible things in their possession, custody, or control; and

WHEREAS, the parties mutually recognize the need to protect the confidential nature of certain confidential documents to be provided; and

WHEREAS, this Court has for some time recognized the good cause supporting the need to protect the confidential nature of certain documents including employee discipline, health, wage, benefit and other personnel matters; and

WHEREAS, the above parties agree that these confidential documents and the information contained therein should be given the protection of an order of this Court in order to prevent injury through disclosure to persons other than those persons involved in the prosecution of this litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED THIS 15TH DAY OF APRIL, 2010:

1.      That the parties may designate the following types of documents provided pursuant to Rule 26(a)(1) disclosures and requests for production of documents, as confidential:

(a)      Medical records

(b)      Personnel records

(c)      Financial records

(d)      Employment records from past and current employers

(e)      Educational records

2.      That the Confidential Documents and the information contained therein and derived therefrom shall be used by any party to this case (other than the party producing the document) only for the purposes of this case and for no other purpose and under no circumstances other than those specifically provided for in this or a subsequent order of court, shall any party receiving such material disclose it to persons other than the following:

(a)      The Court, pursuant to Paragraph 6 of this Order;

(b)      Counsel who have appeared of record for a party in this case and employees of such counsel;

(c)      Named parties and officers or employees of a party in this case who are assisting counsel in the prosecution or defense of this case;

(d)     Persons specially retained by a party or counsel in this litigation to assist in the preparation of this litigation for trial who are not regular employees of a party to this litigation;

(e)     Any person of whom testimony is taken or to be taken in this litigation, <u>except</u> that such a person may only be shown Confidential Documents during his/her testimony and in preparation;

(f)     Any mediator appointed by the Court or agreed to by the parties.

3.     That the parties agree to provide a copy of this Order to each person given access to the Confidential Documents and the information contained therein or derived therefrom pursuant to Paragraphs 2(b), 2(c), 2(d) or 2(e);

4.     The party seeking to file confidential materials must first file a motion with the court and be granted leave to file the particular document under seal in accordance with *Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb.17, 2004).  The motion should also recognize and comply with the Court's administrative procedures for electronically filing document(s) under seal in civil cases;

5.     That if any party objects to the designation of a document as "CONFIDENTIAL," such party may apply to the Court for a ruling that the document shall not be so treated after giving ten (10) days prior written notice of such application to all other parties.  Unless and until this Court enters an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order;

6.     That in the event any Confidential Documents are used in any court proceeding herein, including depositions, such document shall not lose its confidential status through such use,

and the parties shall take all steps reasonably required to protect the confidentiality of documents during such use;

7.    That by this Stipulated Protective Order the parties do not waive any legal right or privilege to object to the production of any document, including any right or privilege under the work product doctrine or attorney-client privilege;

8.    That if any party has cause to believe that a violation of this Order has occurred or is about to occur, such party may ask this Court or any other proper court for appropriate relief;

9.    That at the conclusion of this litigation, all Confidential Documents and copies thereof in the possession, custody, or control of any party or counsel shall be returned to the party from whom such Confidential Documents were obtained, upon request of the producing party.

IT IS SO ORDERED.

Dated this 15th day of April, 2010, at Kansas City, Kansas.

s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

## **APPENDIX A**

TO:_____

      Re:    Confidential Documents Subject to Protective Order in
              Kochsmeier vs. H.I.T., Inc., et al. - United States District Court Case No. 10-2062

Dear Sir:

      This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order dated _____, 2010, signed by the United States District Court Judge and filed in the captioned matter (hereinafter referred to as ("Protective Order").

      As a condition precedent to examining any discovery material pursuant to the Protective Order, or obtaining any information contained in or derived from said material, the undersigned hereby agrees that the Protective Order shall be deemed to be directed to and shall include the undersigned, and the undersigned shall observe and comply with the provisions of the Protective Order.

                             Very truly yours,


                             _____
                             Name
                             _____


                             _____


                             _____
                             Address


SIGNED at:_____,

this _____ day of _____, 2010.

Respectfully submitted by,


HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone:  (816) 283-8738
Facsimile: (816) 238-8739
E-mail: kholman@hslawllc.com
        aschiavone@hslawllc.com


By: /s/ Anne Schiavone
       Kirk D. Holman           #19558
       Anne Schiavone        #19669

Attorneys for Plaintiff


McANANY, VAN CLEAVE & PHILLIPS, P.A.
707 Minnesota Avenue, Fourth Floor
P.O. Box 171300
Kansas City, Kansas 66117-1300
Phone: (913) 371-3838
Fax: (913) 371-4722
Email: jhemberger@mvplaw.com
       ggoheen@mvplaw.com


By: /s/ Gregory P. Goheen
       Joseph W. Hemberger       #13615
       Gregory P. Goheen         #16291

Attorneys for Defendants