**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

VICKI LYNN KOCHSMEIER, )
)
Plaintiff, )
)
v. ) Case No. 10-2062
)
H.I.T., INC., and MIKE HASKINS, )
)
Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiff Vicki Lynn Kochsmeier filed a complaint against her former employer, H.I.T., Inc., and H.I.T.'s owner Mike Haskins, alleging sexual discrimination, sexual harassment, retaliation, and battery. Defendants have filed a motion for judgment on the pleadings as to the battery count. For the reasons discussed below, that motion is denied.

**1.   Background[1]**

Ms. Kochsmeier worked at H.I.T. for approximately a year and half from 2007 to 2009. During that time, she "was subjected to unwelcome, uninvited, and offensive comments of a sexual nature" from Mr. Haskins. She eventually reported Mr. Haskins's conduct to the office manager and was terminated within a week after doing so.

---

[1] Consistent with the well-established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and therefore a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court accepts as true all well pleaded factual allegations in the complaint.

Her complaint raises two claims of Title VII violations against H.I.T.: Count I seeks recovery for sexual discrimination and harassment, and Count II alleges retaliation. Additionally, Ms. Kochsmeier's complaint includes Count III, alleging battery against H.I.T. and Mr. Haskins. Defendants have filed a motion for judgment on the pleadings as to Count III.

**2.     Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) is analyzed using the same standard that applies to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atl.*, 550 U.S. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 555-56, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555 (citations omitted). The issue in resolving a motion such as this is "not whether [the]

plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**3.    Discussion**

Defendants assert that the court lacks jurisdiction over Ms. Kochsmeier's battery claim because that claim falls within the exclusive remedy of the Kansas Workers' Compensation Act (KWCA) or, alternatively, the Kansas Act Against Discrimination (KAAD).

*A.    Kansas Workers' Compensation Act*

According to the KWCA, "[e]xcept as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act." Kan. Stat. Ann. § 44-501(b); *Rajala v. Doresky*, 661 P.2d 1251, 1253 (Kan. 1983). "In order for a worker's injury to be compensable, the worker must be able to establish that the injury occurred by accident 'arising out of' and 'in the course of' employment." *Springston v. IML Freight, Inc.*, 704 P.2d 394, 395 (Kan. Ct. App. 1985). It is well settled, however, "that physical injuries resulting from a job-related assault and battery are compensable under the KWCA." *Bernard v. Doskocil Cos., Inc.*, 861 F. Supp. 1006, 1012 (D. Kan. 1994) (citing *Springston*, 704 P.2d at 396); *see Brannum v. Spring Lakes Country Club, Inc.*, 455 P.2d 546, 554 (Kan. 1969) ("Where a supervisor is, without cause, assaulted by a subordinate employee who is disgruntled over conditions of work imposed upon

3

him by the supervisor in the discharge of his duties, the injury to the supervisor arises out of the course of his employment within the meaning of the workmen's compensation act.").

Additionally, "[i]ntentional torts that produce a physical injury, within the meaning of the [Act], are covered by the Act." *Beam v. Concord Hospitality, Inc.*, 873 F. Supp. 491, 498 (D. Kan. 1994); *see also Rajala*, 661 P.2d at 1254. "Mental injuries, however, are not 'personal injuries' within the meaning of the KWCA unless they follow and can be directly traced to a physical injury." *Bernard*, 861 F. Supp. at 1012; *see also Beam*, 873 F. Supp. at 499. Thus, compensable personal injuries under the Act include physical injuries and any emotional distress directly related to or stemming from physical injuries occurring in the course of employment. *See* Kan. Stat. Ann. § 44-501(a); *Marten v. Yellow Freight Sys., Inc.*, 993 F. Supp. 822, 830 (D. Kan. 1998); *Beam*, 873 F. Supp. at 500.

"Consequently, the workers' compensation scheme is not the exclusive remedy for 'all' intentional torts committed by coworkers." *Beam*, 873 F. Supp. at 499. "If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a make weight, the suit should not be barred." *Gallardo v. Bd. of County Comm'rs*, 885 F. Supp. 236, 237 (D. Kan. 1995) (quoting 2A Larson, Law of Workmen's Compensation § 64.45(a), at 13-180 (1993)).

The claim at issue here is battery. Battery is defined as "the unprivileged

4

touching or striking of one person by another, done with the intent of bringing about either a contact or an apprehension of contact, that is harmful or offensive." *Baska v. Scherzer*, 156 P.3d 617, 622 (Kan. 2007). Specifically, Ms. Kochsmeier's battery claim alleges that on several different occasions, Mr. Haskins "intentionally grabbed and slapped her buttocks" and "would grab Plaintiff and press himself against her breasts" while she was working.

Although battery can certainly include a predominantly physical injury, the legal definition of the claim requires only "contact or apprehension of contact, that is harmful or offensive." *Id.* Thus, Kansas law contemplates non-physical injuries, or indeed even the mere apprehension of a non-physical injury, that would satisfy the elements of a battery claim. And although Ms. Kochsmeier seeks damages for "bodily injuries, physical pain, and mental suffering, including humiliation and indignity," her particular battery claim seems to focus primarily on the offensive nature of the contact rather than on physical injury, particularly given the context of the alleged sexually harassing environment.

For these reasons, the KWCA is not the exclusive remedy for Ms. Kochsmeier's battery claim, and her claim may go forward in this court.

*B.     Kansas Act Against Discrimination*

The KAAD seeks to end discrimination by reason of race, religion, color, sex, disability, national origin, and ancestry, in all employment relations, in housing, and in all places and public accommodations covered by the Act. Kan. Stat. Ann. § 44-1001.

It is unlawful under the KAAD for an employer, because of the disability of an employee, to discharge or otherwise discriminate against the employee in the terms or conditions of employment. *Id.* § 44-1009(a)(1); *Sandlin v. Roche Labs., Inc.*, 991 P.2d 883, 886 (Kan. 1999).

"KAAD provides an adequate and exclusive state remedy for violations of the public policy enunciated therein." *Polson v. Davis*, 895 F.2d 705, 709 (10th Cir. 1990). Thus, an at-will employee who is discharged may recover from the employer under the Act but not under a tort claim for wrongful discharge. *Id.*

Defendants suggest that this ruling precludes Ms. Kochsmeier's battery claim, but Defendants cite to no authority—and indeed this court can find none—to support such a broad reading of *Polson* as to preclude intentional tort claims like battery. *See, e.g.*, *Beam*, 873 F. Supp. at 500-01 (holding that plaintiff's state law claims of negligence, failure to provide a harassment-free workplace, and outrage were not preempted by KAAD); *Laughinghouse v. Risser*, 786 F. Supp. 920, 930 (D. Kan. 1992) (holding that plaintiff's cause of action for the tort of outrage was not preempted by KAAD). As such, the KAAD does not bar Ms. Kochsmeier's battery claim.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for judgment on the pleadings (doc. 6) is **denied**.

**IT IS SO ORDERED** this 17th day of May, 2010.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge