# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **VICKI LYNN KOCHSMEIER,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **H.I.T., INC., and MIKE HASKINS,** ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 10-2062 |

## MEMORANDUM AND ORDER

Plaintiff Vicki Lynn Kochsmeier filed a complaint against her former employer, H.I.T., Inc., and H.I.T.'s owner Mike Haskins, alleging sexual discrimination, sexual harassment, retaliation, and battery. Defendants filed a motion for judgment on the pleadings as to the battery count, which this court denied (doc. 21). Defendants have now filed a motion to reconsider (doc. 22).

A motion asking the court to reconsider a previous ruling shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* at 1012.

Defendants have identified none of these grounds in support of their motion,

instead rehashing the arguments raised in their initial motion for judgment on the pleadings. Defendants reiterate their contention that Ms. Kochsmeier's battery claim should be dismissed because the Kansas Workers' Compensation Act provides the exclusive remedy for that claim. Defendants continue to assert that Kansas law demands dismissal of Ms. Kochsmeier's battery claim because it is barred by the KWCA, and Defendants cite several cases in support of their position. *See, e.g.*, *Scott v. Wolf Creek Nuclear Operating Corp.*, 23 Kan. App. 2d 156 (1996); *Baggett v. B & G Construction, Co.*, 21 Kan. App. 2d 347 (1995); *Springston v. IML Freight, Inc.*, 10 Kan. App. 2d 501 (1985); *Rajala v. Doresky*, 233 Kan. 440 (Kan. 1983); *Brannum v. Spring Lakes Country Club, Inc.*, 203 Kan. 658, 668 (1969).

None of these cases, however, address the difference between physical and nonphysical injuries, which is the crux of the court's ruling. The pivotal legal question presented by Defendants' motion for judgment on the pleadings was whether Ms. Kochsmeier's battery claim is compensable under the KWCA. If it is, then she may not bring it here. *Beam v. Concord Hospitality, Inc.*, 873 F. Supp. 491, 497 (D. Kan. 1994) (quoting *Hollingsworth v. Fehrs Equip. Co.*, 240 Kan. 398, 401 (1986)).

The KWCA provides compensation for physical injuries and any emotional distress directly related to or stemming from physical injuries occurring in the course of employment. *See* Kan. Stat. Ann. § 44-501(a); *Marten v. Yellow Freight Sys., Inc.*, 993 F. Supp. 822, 830 (D. Kan. 1998); *Beam*, 873 F. Supp. at 500. Thus, as the court noted in its prior order, the analysis must focus on the nature of the injury underlying the tort

claim. "[I]f the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a make weight, the suit should not be barred." *Gallardo v. Bd. of County Comm'rs*, 885 F. Supp. 236, 237 (D. Kan. 1995) (quoting 2A Larson, Law of Workmen's Compensation § 64.45(a), at 13-180 (1993)).

Although Ms. Kochsmeier's battery claim by definition must including physical *contact*—"the unprivileged touching or striking of one person," *Baska v. Scherzer*, 156 P.3d 617, 622 (Kan. 2007)—it may not necessarily have involved a physical *injury*. That distinction is key in evaluating whether a tort claim is compensable under the KWCA and thus barred as a separate cause of action in this court.

In *Parks v. Kayward's Pit, Inc.*, for example, this court found that a plaintiff's tort claims were not barred by the KWCA because the plaintiff had "purely emotional injuries due to defendants' alleged sexual harassment. Due to the lack of any physical injury to plaintiff . . . plaintiff's alleged injuries would not be compensable under the [KWCA]." No. 93-2387, 1993 WL 545231, at * 2 (D. Kan. 1993). In contrast, in *Bernard v. Doskocil Cos., Inc.*, plaintiff suffered "injuries, pain and suffering and damages resulting in his permanent disability." 861 F. Supp. 1006, 1012 (D. Kan. 1994). Plaintiff's assault and battery claims clearly resulted in a physical injury and were thus barred. *Id.* at 1012-13.

Here, as the court previously noted, Ms. Kochsmeier's battery claim seems to focus primarily on the offensive nature of the contact rather than on physical injury, particularly given the context of the alleged sexually harassing environment. Although

3

she includes allegations of "bodily injuries, physical pain," those injuries seem to be included as a "makeweight," and thus do not result in her claim being barred. *See, e.g.*, *Patterson v. Augat Wiring Sys., Inc.*, 944 F. Supp. 1509, 1528 (M.D. Ala. 1996) ("Because the gravamen of the Plaintiff's injuries, as a result of the alleged assault and battery were psychological, and the scratch and bruises, while causing discomfort, did not cause disability, the Plaintiff's allegations of assault and battery amount to non-physical injuries.").

In arguing that this court misconstrued Kansas law, Defendants cite to *Frye v. Mel Hambelton Ford, Inc.*, in which a plaintiff's battery and negligence claims against her employer were dismissed in light of the KWCA's exclusivity provision. 1990 Kan. App. LEXIS 399, at *5 (1990). The court stated that the plaintiff "does not claim physical injuries and alleges she has the right to recover for non-physical harms." *Id.* at *3. Regardless of what the plaintiff sought recovery for, however, the court noted that she alleged "being struck by [her co-worker] caused pain and suffering." *Id.* at *5. As such, the court concluded that her claim would be compensable under the KWCA. *Id.*

In asserting that this court should reconsider its prior order, Defendants rely heavily on this language from the court:

> [Plaintiff] was struck by [her co-worker] and, if she suffered any physical injury and emotional distress resulting therefrom, workers compensation benefits are her exclusive remedy. If she is not injured, she has no claims of any nature whatsoever.

*Id.* at *4. Contrary to Defendants' assertion, however, the court's previous order does

4

not contradict this paragraph. If Ms. Kochsmeier has a physical injury, her battery claim is precluded by the KWCA. If she has no injury at all, she likely has no claim. But the present case involves the situation not explicitly contemplated by the *Frye* court—where the plaintiff has no physical injury, but suffers emotional injury from the battery. In that circumstance, the battery claim is not precluded by the KWCA.

As such, Defendants' motion for judgment on the pleadings was properly denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to reconsider (doc. 22) is **denied**.

**IT IS SO ORDERED** this 8th day of July, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge